MILL RIVER WOOLEN MANUF'G CO. (HARWOOD v.). See Case No. 6,187.

---

## Case No. 9,610.

### In re MILLS.

[7 Ben. 452;[1] 11 N. B. R. 117.]

District Court, S. D. New York. Oct., 1874.

BANKRUPTCY—NOTICE OF SECOND MEETING—DECLARING DIVIDEND.

1. The notice of the second meeting of creditors, under the 27th section of the bankruptcy act [of 1867 (14 Stat. 529)], and the order (form No. 28), is to be sent to all known creditors, whether they have proved their debts or not.

2. At such meeting, when due notice has been given, the whole fund in the hands of the assignee may be distributed, less the necessary amount for expenses and contingencies, unless good cause is shown to the contrary.

In this case, Welsh Brothers, who were named as creditors in the schedules of the bankrupt [William Mills], and to whom notice had been sent as directed by the warrant, failed to prove their debt before the second meeting of creditors. No notice of such meeting was sent to them. At the second meeting a dividend was to be declared. The assignee desired that a portion of the estate should be reserved to provide for the claim of Welsh Brothers, in case it should be proved before the third meeting. The creditors present at such meeting objected to such reservation, and the register decided that it was not a proper case for such a reservation. On request of the assignee, he certified the question to the court.

By I. T. WILLIAMS, Register:

[2][I, the undersigned register, in charge of the above-entitled matter, do hereby certify that on the 19th day of October, 1874, at an adjourned second meeting of creditors, a majority in number and amount of all the creditors who had proved their claims against said estate being present, and having voted a dividend of seventy-five per cent. upon the claims so proved, thereby dividing about the sum of nine thousand six hundred and thirty-two dollars and ninety cents, and leaving in the hands of the assignee only about the sum of two thousand dollars, Mr. Scott, of counsel for the assignee, objected to such distribution of said assets—claiming that, as it appeared from the schedules filed by the bankrupt, and the proceedings herein, that debts of said bankrupt amounting to about twenty thou-

---

[1] [Reported by Robert D. Benedict, Esq., and B. Lincoln Benedict, Esq., and here reprinted by permission.]

[2] [From 11 N. B. R. 117.]

sand dollars had not been proven, it was not competent at a second meeting to distribute a greater proportion of the assets, or pay a larger percentage than the fund in hand would be sufficient to pay upon all debts set forth in the said schedules, whether proven or not. I overruled the objection, and proceeded to order the dividend pursuant to said vote. But upon application of Mr. Scott, and with the consent of the creditors present, I directed that the dividend warrants should not be delivered till the foregoing question should be decided by the district judge. Wherefore I now certify the question aforesaid, to wit: Is it competent under the provisions of the 27th section of the act, at a second meeting of creditors to dispose of the funds to creditors who have proved their claims, without leaving in the hands of the assignee a sum sufficient to pay a similar percentage upon claims set forth in the schedules of the bankrupt, but which have not been proved, and thereby put it out of the power of the assignee to make a similar dividend upon such unproved claims in case they should be proved before the third meeting?

[The force of the precedent, should the objection prevail, would be to the effect, that in all cases in which a dividend meeting was held under the 27th section of the act, it would be the duty of the register to set apart a certain amount or portion of the assets in the hands of the assignee and ready for distribution, sufficient to pay a similar percentage upon all claims mentioned in the bankrupt's schedules which had not been proven. If this had been the intent of the act, I think it would have been more clearly expressed. The language of section 27 is as follows: "At such meeting, the majority in value of the creditors present shall determine whether any, and what part of the net proceeds of the estate, after deducting and retaining a sum sufficient to provide for all undetermined claims, which, by reason of the distant residence of the creditor, or for other sufficient reason, have not been proved, and for other expenses and contingencies, shall be divided among the creditors, etc." No doubt is entertained that it is the duty of the register to so deduct and retain in the hands of the assignee a sum sufficient to provide for undetermined claims, when in controversy, and for unproven claims when it shall be made to appear probable that, by reason of the distance, or for any other good cause, they have not been proved. That this should be done in a proper case by the register, without the vote, and perhaps in spite of the expressed wishes of the creditors present, is clear from the fact that it is the duty of the court, and not of the creditors, to guard the rights of the absent, nor could the act reasonably be construed to permit the creditors present, by their vote, to divide among themselves the entire fund, to the wrong and injury of such absent creditors as by reason of distance, or for other good cause, had been unable to prove or otherwise establish their claims—especially as the act provides, in effect (section 28), that moneys so paid over to creditors shall not be recalled for the purpose of paying claims of those who should thereafter prove or otherwise establish their claims. The provision above referred to in section 28, seems to interpret the provision above quoted from section 27. It is as follows: "No dividend already declared shall be disturbed by reason of debts being subsequently proved, but the creditors proving such debts shall be entitled to a dividend equal to those already received by the other creditors before any further payment is made to the latter." If section 27 requires the court at the second meeting to retain a sum sufficient to pay an equal amount upon all debts mentioned in the bankrupt's schedules, the exigency referred to in the 28th section, above quoted, could never arise; and hence this provision would be altogether nugatory. This would be construing the act in the very teeth of well-settled principles of judicial interpretation. On the other hand, the provisions of the two sections taken together, indicate, with sufficient clearness, that the whole fund in the hands of the assignee—less such sum as should be retained for expenses and contingencies—should, unless good cause be shown, be distributed at the second meeting. But the case before me does not, in my judgment, come within the rule above suggested. The presumption is, that Messrs. Welsh Brothers, the creditors referred to by the counsel for the assignee, received the notice sent them by the marshal on the 30th day of August, 1873 —nothing to the contrary is shown or suggested—as well as the notice of the said adjourned second meeting, which was duly mailed to them at their residence on the 8th day of September, 1874; at all events they have had all such notices as the act provides for. To adjudge this insufficient (without any cause shown) would be to impeach the provisions of the act.][2]

BLATCHFORD, District Judge. The 27th section of the act provides that the second meeting of creditors, which is the one held in this case, shall be, "a general meeting of the creditors, of which due notice shall be given." The order for the second meeting of the creditors, prescribed by form No. 28, directs that the assignee shall give notice of the meeting, "by sending written or printed notices by mail, post paid, of the time and place of said meeting, to all known creditors of said bankrupt," and shall also publish notice of the time and place of said meeting. The notice to be given by mail is not confined to a notice to be sent to all creditors who have proved their debts. Notices must be sent by mail to all known creditors. Creditors who have proved their debts are not all the creditors who are known creditors. Many

---

[2] [From 11 N. B. R. 117.]

creditors refrain from proving their debts until they learn that there is to be a dividend, and that information ordinarily comes when notice of a second meeting comes. The claim of Welsh Brothers, at the amount of $21,-024.46, is set forth in the bankrupt's schedules. They are, therefore, known creditors, and entitled to notice of the second meeting, to be given to them by mail, in order that they may prove their debt. Such notice would naturally be notice to them that there was to be a dividend. I understand the certificate of the register to import that no notice has been sent to them by mail, of the time and place of the second meeting. Because of this defect the second meeting is irregular, and it must be adjourned until the defect can be remedied by sending notice to them, and giving them a sufficient time and proper opportunity to prove their debt.

In accordance with this decision, the adjourned second meeting was held, of which due notice was sent to Welsh Brothers, who, however, did not prove their claim. The creditors thereupon, at the adjourned meeting, voted a dividend of seventy-five per cent. on the debts proved. The assignee objected to this distribution of the assets, claiming that it was not competent, at the second meeting to pay a larger percentage than the fund in hand would be sufficient to pay on all the debts, whether proven or not.

The register overruled the objection, holding that, under the 27th and 28th sections of the bankruptcy act, the whole fund in the hands of the assignee should be distributed at the second meeting, less such sum as should be retained for expenses and contingencies, unless good cause were shown to the contrary, and that here no such cause was shown. On request of the assignee, the question was certified to the court.

BLATCHFORD, District Judge. I concur in the conclusion of the register.